UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR STANLEY,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:21-cv-00536 (JAM)

**ORDER DENYING MOTION FOR POST-CONVICTION RELIEF**

Petitioner Arthur Stanley has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255. He claims that his appellate counsel was ineffective for failing to argue on appeal that it was error to impose a sentence of life imprisonment without the possibility of parole. Because Stanley has not shown that his appellate counsel's representation was deficient or prejudicial, I will deny the motion.

**BACKGROUND**

On October 27, 2015, a federal grand jury returned an indictment against Stanley charging him with one count of a violent crime (murder) in aid of racketeering, in violation of 18 U.S.C. § 1959(a).[1] The indictment alleged that on or about July 15, 2011, Stanley murdered Keith Washington for the purpose of gaining entrance to and maintaining and increasing his position in a racketeering enterprise.[2]

---

[1] *See United States v. Stanley*, 3:15-cr-198 (JAM), Doc. #1.
[2] *Id.* at 3 (¶ 8).

In December 2016, following a two-week trial, a jury found Stanley guilty of the murder charge.[3] On April 3, 2019, I sentenced Stanley on this charge to a term of life imprisonment, consistent with the mandatory term of life imprisonment required under 18 U.S.C. § 1959(a)(1).[4]

At the sentencing hearing, Stanley argued that he could not be subject to a mandatory term of life imprisonment, because he was only 21 years old when he murdered Keith Washington. I rejected this argument on the ground that the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), bars a mandatory term of life imprisonment only for offenders who were under the age of 18 at the time of their offense.[5]

Stanley appealed his conviction on other grounds, and his appellate counsel did not argue that it was error to impose a mandatory term of life imprisonment. In a summary order dated April 10, 2020, the Second Circuit rejected all of Stanley's claims and affirmed his conviction. *See United States v. Stanley*, 808 F. App'x 25 (2d Cir.), *cert denied*, 140 S. Ct. 2839 (2020).

On April 19, 2021, Stanley filed this *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255.[6] He claims that his appellate counsel should have argued on appeal that Stanley was too young to be subject to a mandatory term of life imprisonment.[7]

## DISCUSSION

Stanley seeks relief under 28 U.S.C. § 2255, which allows a federal prisoner to seek post-conviction relief on the ground that he has been convicted or sentenced in violation of the Constitution or federal law. *See United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018).[8] The

---

[3] *See United States v. Stanley*, 3:15-cr-198 (JAM), Doc. #124; *see also United States v. Stanley*, 2019 WL 103773 (D. Conn. 2019) (reviewing trial evidence supporting guilty verdict).
[4] *United States v. Stanley*, 3:15-cr-198 (JAM), Doc. #1-4 at 1 (judgment).
[5] *United States v. Stanley*, 3:15-cr-198 (JAM), Doc. #192 at 20-21.
[6] Doc. #1.
[7] Doc. #1-1 at 2 (memorandum).
[8] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

movant bears the burden of showing facts or law establishing that the conviction or sentence was unlawful. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). Absent a plausible showing that facts exist which would warrant a grant of relief, a court is not required to conduct an evidentiary hearing on a motion for post-conviction relief under 28 U.S.C. § 2255, especially to the extent that the motion is before the judge who presided over the underlying proceedings. *See Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. 2011).

Claims of ineffective assistance are governed by the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance: that counsel's conduct "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 687–88. Second, a defendant must show that this deficient performance prejudiced his defense in a manner that deprived him of a fair trial. *Id.* at 687. Although *Strickland* concerned the ineffective assistance of trial counsel, its two-prong test "applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right." *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001).

As noted above, Stanley faults his appellate counsel for failing to argue that Stanley's youth barred the imposition of a mandatory term of life imprisonment. But he fails to show either that his counsel was deficient or that any deficiency resulted in prejudice. Although the Supreme Court ruled in *Miller v. Alabama*, *supra*, that a court may not impose a sentence of mandatory life imprisonment for a crime committed when a defendant was younger than 18 years old, it is undisputed that Stanley was 21 years old when he murdered Keith Washington. The Second Circuit has repeatedly declined to extend *Miller* to murder-in-aid-of-racketeering crimes committed by defendants after they were 18 years old. *See Sierra v. United States*, 933 F.3d 95,

97 (2d Cir. 2019); *see also United States v. Frank*, 832 F. App'x 764, 765 (2d Cir.), *cert. denied sub nom. Roye v. United States*, 142 S. Ct. 474 (2021); *Cruz v. United States*, 826 F. App'x 49 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 2692 (2021).

Stanley argues that he was younger than 18 when the racketeering organization to which he belonged commenced its racketeering activities. But language in *Miller* and similar cases refers to defendants' ages "at the time of their crimes" rather than the inception of their organizations' criminal activities. *Miller*, 567 U.S. at 465; *see also Jones v. Mississippi*, 141 S. Ct. 1307, 1314 (2021) ("[I]n *Miller* … the Court allowed life-without-parole sentences for defendants who committed homicide when they were under 18, but only so long as the sentence is not mandatory.") (emphasis omitted). The crime alleged in the indictment against Stanley was his murder of Keith Washington, not merely his membership in a racketeering enterprise.

## Conclusion

For the reasons stated above, the Court DENIES the motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Because Stanley has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall enter. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 19th day of July 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge